## Wagley v. Wagley

*James B. Ceris*, for libellant.

*Reed, Ewing & Ray*, for respondent.

SOHN, J., July 20, 1948.—David R. Wagley filed a libel in divorce charging his wife, Adelaide Wagley, with indignities to the person, and cruel and barbarous treatment. A master was appointed, and the hearing before the master extended over a period of three days. The master filed his report, recommending that the libel be dismissed and the divorce refused. Subsequent to the filing of the master's report, and before exceptions were argued before the court, upon libellant's petition a rule issued to show cause why the divorce proceedings should not be referred back to the master to take additional testimony. Respondent answered this rule. Petitioner avers that subsequent to the final hearing, he discovered additional evidence and this evidence and availability of it was not known to him at the time of the hearing before the master. Petitioner avers that this evidence will be in corroboration of the testimony produced before the master and will refer to alleged acts of indignities occurring be-

fore and after the date of final separation of the parties.

The alleged acts are detailed in the petition. It is difficult for us to understand how the alleged acts could constitute indignities upon which libellant could rely as a ground for divorce. If the acts occurred prior to the separation, and later they came to the attention of libellant, we do not believe such acts could be relied upon by libellant as constituting indignities, because he instituted the action prior to his knowledge of these alleged indignities. If the acts occurred after the separation and after the hearing before the master, they could not be relied upon by libellant as a ground for divorce, as set forth in the libel.

It is to be observed that the testimony proposed to be offered is in corroboration of testimony already produced before the master. This is apparent from an examination of the allegations in the petition. It is also specifically so averred in the petition.

After the master's report in divorce has been filed, the case will not be referred back to him for the purpose of taking additional testimony where no legal excuse is offered for failure to make out a case in the first instance: 15 Standard Pa. Practice 361, §288. The case will not be recommitted if the new testimony is cumulative or if the failure to produce is insufficiently explained: 2 Freedman Law of Divorce in Pennsylvania 1333, sec. 658. The offers of libellant are cumulative of testimony already offered, and therefore the rule for recommitment should be discharged: Coyne v. Coyne, 75 Pitts. L. J. 434, 435.

In Kressley v. Kressley, 9 Lehigh 336, Judge Groman quoted from Feeser v. Feeser, 2 Pa. C. C. 480, as follows:

"It would be a bad precedent to permit the libellant to take further testimony in this proceeding. No legal excuse is alleged for her failure to make out a case,

and, therefore, to grant this application would simply allow her to avoid the result of an unsuccessful experiment. It need not be pointed out what serious abuses might follow if such a practice was sanctioned. In the case before us, we have no doubt there was thorough good faith, but we must look to the general consequence of a rule, and not merely to its effect in any particular instance."

Ordinarily, a party has the right to have his case heard and determined only once on the facts, and the law applicable thereto: First National Bank v. Fidelity Title and Trust Co., Administrator, 251 Pa. 536.

Nothing was alleged in this case which might not be alleged in any divorce or other civil case. If we were to grant libellant's request in this case, there would be no reason for us to refuse a similar request in any contested divorce case. In any such case if a master would recommend that the libel be dismissed and a similar request were allowed, the result would be that every libellant would have two chances to attempt to prove his case. We therefore conclude that the rule should be dismissed.

### Order

And now, to wit, July 20, 1948, for the reasons stated in the within opinion, the rule issued at the above number and term is dismissed. Disposition of costs to abide the decision in the divorce action.